SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MINERVA GUZMAN on behalf of herself
and all other similarly situated

                Plaintiff,

       -against-

ALLIED INTERSTATE, INC.

                Defendant.
-----------------------------------------------------------

**CV - 11 4086**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   AUG 2 3 2011    ★

**LONG ISLAND OFFICE**

GERSHON, J.

POHORELSKY, M.

### CLASS ACTION COMPLAINT

#### *Introduction*

1.    Plaintiff seeks redress for the illegal practices of Allied Interstate, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

#### *Parties*

2.    Plaintiff is a citizen of the State of New York and resides in this District.

3.    Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt purportedly owed to Capital One Services Inc.

4.    Upon information and belief, Allied Interstate, Inc. is an Ohio corporation which maintains an office for collection of debts in Columbus, Ohio.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### *Allegations Particular to Minerva Guzman*

9. On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10. On or about October 25, 2010 defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter states in pertinent part as follows: "We urge you to make this payment promptly. If you fail to do so, we will have no choice but to continue taking further actions to ensure our client is paid."

12. Said language leads the "least sophisticated consumer" to believe that legal action will be taken to ensure payment of the debt.

13. Upon information and belief the original creditor had no intention of taking legal action.

14. Upon information and belief, at the time of the sending of the October 25, 2010 letter, the defendant had no authorization from the underlying creditor to continue taking further actions to ensure that the underlying creditor is paid.

15. The language at issue contradicts the plaintiff's rights in a threatening fashion i.e. to dispute the debt and seek verification thereof.

16. Defendant's letter is in violation of 15 U.S.C. §§ 1692g, 1692e(5) and 1692e(10)

for failing to accurately set forth the dispute and verification rights and for

engaging in deceptive and falsely threatening practices.

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

17.     Plaintiff restates, realleges, and incorporates herein by reference,

paragraphs 1-16 as if set forth fully in this Cause of Action.

18.     This cause of action is brought on behalf of plaintiff and the members of a

class.

19.     The Class consists of consumers who received the same form letter, as did the

plaintiff.

20.     The Class consists of all persons whom Defendant's records reflect resided in

the State of New York and who were sent a collection letter (a) bearing the

defendant's letterhead in substantially the same form as the letter sent to the plaintiff

on or about October 25, 2010 sent within one year prior to the date of the within

complaint concerning Capital One Services Inc. (b) the collection letter was sent to a

consumer seeking payment of a consumer debt; and (c) the collection letter was not

returned by the postal service as undelivered (d) and that the letter contained

violations of 15 U.S.C. §§ 1692g, 1692e(5) and 1692e(10).

21.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate

and preferable in this case because:

3

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

22.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the

4

establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

23.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24.    Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

25.    The defendant's use of the language violates the Fair Debt Collection Practices Act.

26.    Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a)    Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
August 18, 2011

5

_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)

6



888-748-4956

| BUFFALO | COLUMBUS | LOS ANGELES | PHOENIX |
|---------|----------|-------------|---------|
| CAMBRIDGE | DELHI | MANILA | TORONTO |
| CLARK | HOUSTON | MINNEAPOLIS | WEST PALM BEACH |

October 25, 2010

Minerva Guzman
Po Box 370350
Brooklyn, NY 11237-0350

     Re:    Capital One Services Inc Account No. ▮▮▮▮▮▮▮▮▮
              Amount Owed  $1,985.07

Dear Minerva Guzman:

We are a debt collection company and our client, Capital One Services Inc, has retained us to collect the debt noted above.

To make a payment, please telephone us at 888-748-4956 or mail your payment using the coupon on the reverse side of this letter.

The purpose of this letter is to collect this debt, and we will use any information we obtain for that purpose. If you believe that you do not owe all or any portion of the debt, you need to notify us within 30 days after receiving this letter. If you do not, we will assume the debt is valid. If you notify us in writing within 30 days after receiving this letter that you dispute the validity of any portion of this debt, we will obtain verification of the debt, or a copy of a judgment against you, and mail it to you. If you request, we will provide you with the name and address of the original creditor, if different from the current creditor.

We urge you to make this payment promptly. If you fail to do so, we will have no choice but to continue taking further actions to ensure our client is paid.

Sincerely,

*Allied Interstate, Inc.*

SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION

**New York City**
New York City Department of Consumer Affairs license numbers: 1140302, 1173635, 1140115, 1140113, 1140304, 1140551, 1140555, 0933734, 1168335, 1140606, 1140607, 1140608, 1248312, 1248315.

This is <u>not</u> an exclusive list of your rights. It is merely the set of disclosures required by certain states for residents of their states.

(Detach and return with payment)

P.O.Box 1954
Southgate, MI 48195-0954



0005627/0000001

Minerva Guzman
Po Box 370350
Brooklyn,NY 11237-0350

Capital One Bank (U.S.A),N.A.
P O Box 71083
Charlotte NC 28272-1083